UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| INVISIBLE FENCE, INC., ) | |
| ) | NO. CV-11-0180-JLQ |
| Plaintiff, ) | |
| ) | CONSENT DECREE |
| vs. ) | |
| ) | |
| DENNIS HOGAN, an individual, d/b/a ) | |
| INVINCIBLE INC., a/k/a INVINCIBLE ) | |
| INC, DOG FENCE OF NORTH ) | |
| AMERICA ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**CONSENT DECREE**

**I.    BACKGROUND**

Plaintiff, Invisible Fence, Inc., owns the trademarks "Invisible®" (U.S. Reg. No. 1,765,230), "Invisible Fence®" (U.S. Reg. No. 1,600,470), "Invisible Fencing®" (U.S. Reg. No. 1,371,021), for use on and in connection with pet containment systems and components thereof (collectively referred to herein as "the Invisible Fence Marks"). Plaintiff instituted this civil action against defendants Dennis Hogan, an individual d/b/a Invincible Inc., a/k/a Invincible Inc., Dog Fence of North America, and Invincible Inc., d/b/a Invincible Inc. Dog Fence of North America on May 6, 2011. The Complaint asserts claims of trademark infringement in violation of 15 U.S.C. § 1114 and the common law, federal cybersquatting for use of the domain names "invisiblefencespokane.com" and "invisibletypefence.com," unfair competition in

CONSENT DECREE - 1

violation 15 U.S.C. § 1125(a) and the common law, and trademark dilution in violation of 15 U.S.C. § 1125(c). The parties have now agreed to the settlement of this action, and have entered into a settlement agreement. Pursuant to the terms and conditions of said settlement agreement, the parties have jointly requested entry of this Consent Decree.

Accordingly, the Court ORDERS as follows:

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter and the parties in this case.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## III. TRADEMARK OWNERSHIP

3. Plaintiff is the owner of the trademarks "Invisible®" (U.S. Reg. No. 1,765,230), "Invisible Fence®" (U.S. Reg. No. 1,600,470) and "Invisible Fencing®" (U.S. Reg. No. 1,371,021), each for use on and in connection with pet containment systems and components thereof.

## IV. STIPULATED DECREE

4. Immediately upon execution of this Consent Decree, Defendants, any and all companies and businesses owned or controlled by Defendants, individually or collectively, their successors, assigns and transferees, and their officers, directors, shareholders, owners, members, managers, employees, agents, servants, and representatives, and all persons in active concert or participation with any one or more of them, are permanently enjoined from:

   (a) using on Defendants' website(s) the Invisible Fence Marks and any word(s), term(s), name(s) or symbol(s) which, either alone or in combination with the Invisible Fence mark(s), are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities by Plaintiff;

(b) use of the Invisible Fence Marks as a domain name or part of a domain name, as a search engine keyword or adword, as metadata, in any sponsored search engine listings or other sponsored links;

(c) using illegally in commerce any word(s), term(s), name(s), symbol(s) or device(s), or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of defendant's goods, services or commercial activities by Plaintiff;

(d) using illegally in commerce any word(s), term(s), name(s), symbol(s) or device(s), or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which, in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or origin of Plaintiff's goods, services, or commercial activities;

(e) falsely passing of Defendants' goods or services as those of Plaintiff; and/or

(f) diluting the distinctive quality of the Invisible Fence Marks as defined by law.

**V.   CONTINUING JURISDICTION**

5. This Court shall retain jurisdiction over the Parties hereto for purposes of: (a) the enforcement of this Consent Decree and the associated Settlement Agreement; (b) resolution of any disputes arising therefrom or associated therewith; and (c) any further litigation involving the issues raised in Plaintiff's Complaint filed herein.

CONSENT DECREE - 3

## VI. ATTORNEY FEES AND COSTS

6. Each Party shall bear its own attorney fees, costs, and expenses incurred in connection with, and relating to, this civil action and the resolution thereof.

## VI. DISMISSAL OF ACTION

7. Except as otherwise indicated above, this case shall be dismissed with prejudice.

The Clerk of this court shall enter this Decree, enter judgment of dismissal with prejudice of the Complaint and the claims therein, and close this file.

Dated November 15, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

CONSENT DECREE - 4